Filed 7/21/26  P. v. Aviles CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B343539 |
| Plaintiff and Respondent, | (Super. Ct. No. 1398080) (Santa Barbara County) |
| v. | |
| JOSE ANTONIO AVILES, | |
| Defendant and Appellant. | |

In 2010, Jose Antonio Aviles committed an armed robbery. In 2014, he pled no contest and was sentenced to 24 years in prison.  He appeals from the denial of his request for resentencing pursuant to Penal Code section 1172.1, subdivision (a)(1).[1]  Appellant contends the trial court abused its discretion by failing to consider his postconviction record of rehabilitation and his allegation of childhood sexual abuse when it denied his request to strike two firearm enhancements.  We affirm.

---

[1] Statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL HISTORY

*Robbery and plea*

In 2010, appellant and three accomplices entered a jewelry store in Santa Barbara. Appellant pointed a firearm at the store owner's head, ordered him to the ground, and threatened to kill him. Eventually, appellant and his accomplices herded the owner, his wife, and a 70-year-old employee into a back room where they bound the victims with zip ties. Still wielding a firearm, appellant threatened to kill the victims several times. At one point, he put his foot on the owner's face as he lay bound on the floor. The victims pleaded for their lives. Appellant and his accomplices left with approximately $750,000 in jewelry and $13,000 in cash. Appellant took the owner's wallet and told him he knew where he lived. He threatened to hunt the owner down and shoot his family if he followed appellant or reported the crime.

In 2011, police linked appellant to the jewelry store robbery using DNA evidence from the zip ties. By that time, appellant was already serving a 14-year prison sentence for an unrelated armed robbery in another county.

In 2014, appellant pleaded no contest to three counts of second degree robbery (§ 211) and one count of felony dissuading a witness (§ 136.1, subd. (c)(1)). He admitted personal firearm use enhancements (§ 12022.53, subd. (b)) as to each of the robbery counts. The victims gave statements about how appellant traumatized them, damaged their business and negatively impacted their physical and mental health. The court sentenced appellant to 24 years, eight months in prison concurrent to the 14-year sentence for the unrelated armed robbery.

*Prison record*

In prison, appellant associated with the Paisa prison gang. He was disciplined on three occasions for gang-related activity. In September 2018, after an eruption of violence between rival gangs in his housing unit. Appellant refused orders to return to his dorm. The following month, appellant took part in an inmate riot in a prison recreation yard and was stabbed in the back multiple times. During another riot in 2019, appellant used an inmate-manufactured weapon to repeatedly stab a rival gang member who was laying on the ground. Appellant was administratively charged with attempted murder and spent 18 months in solitary confinement following the 2019 riot. That was the last recorded incident of prison violence prior to appellant's request for resentencing.

Appellant earned education certificates for passing a high school equivalency test, three general education courses, a computer and technology course, and a domestic violence course. He also participated in four hours of Narcotics Anonymous meetings and 27 hours of Alcoholics Anonymous.

*Section 1172.1 petition and ruling*

In 2024, the secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that it consider recalling appellant's sentence pursuant to section 1172.1 and changes in the criminal law that give trial judges the discretion to strike firearm enhancements in the interests of justice under section 1385. The letter acknowledged appellant's participation in the prison riots, summarized his educational record in prison, and listed the self-help classes he had completed. The letter noted that appellant's earliest possible release date is November 7, 2029.

Appellant asked the trial court to exercise its discretion under section 1385 to dismiss two firearm enhancements and resentence him to a term of 18 years in prison. He pointed out he had sustained no rules violations for more than five years and had worked his way down to a "Level 1" classification. Appellant emphasized his educational accomplishments and efforts at self-improvement.

Appellant's request also included a "journey letter" outlining his background. He explained the poverty of his youth, abandonment by his father, and an unstable living situation that alternated between California and Mexico. He alleged that a family friend sexually abused him when he was around seven years old. He began drinking when he was 12 years old. He turned to cocaine at the age of 15 and then developed a serious addiction to methamphetamine that lasted until he was arrested for the robberies that resulted in his prison commitment.

In another letter, appellant explained his time in solitary confinement had changed his thinking and he became motivated to stay away from drugs and to educate himself. Appellant later enrolled in GED classes, finished in 10 months, and went on to take computer classes and graduate from a technology course.

The People opposed the resentencing petition, arguing appellant still posed an unreasonable risk of danger to public safety. They cited his record of gang violence in prison and argued he had "only minimally participated in any rehabilitative programming."

At the resentencing hearing, the trial court denied appellant's petition, stating: "[T]hese were very violent crimes. Over a million dollars was stolen, I think, between both cases. And there's the very disturbing gang violence and stabbing. Although

4

none of those were in the last five years.  But the behavior in prison is – continues to exhibit violence.  So I'm going to deny the petition."

DISCUSSION

*Standard of review*

Trial courts may recall a defendant's sentence and resentence them at any time upon the recommendation of the Secretary of the CDCR.  (§ 1172.1, subd. (a)(1).)  In recalling and resentencing, the court "shall . . . apply any changes in law that provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (a)(2).)

We review the trial court's denial of appellant's resentencing petition under section 1172.1 for abuse of discretion. (*People v. Craig* (2026) 117 Cal.App.5th 1165, 1175; *People v. Olea* (2025) 115 Cal.App.5th 889, 902; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)  In making a resentencing decision, the trial court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated" and evidence that demonstrates the defendant poses a reduced risk of future violence.  (§ 1172.1, subd. (a)(5).)  In addition, the court "shall consider if the defendant has experienced . . . childhood trauma . . . or sexual violence . . . ."  (*Ibid.*)

If the CDCR secretary makes a resentencing recommendation, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety."  (§ 1172.1, subd. (b)(2).)  An unreasonable risk of danger to public safety is an unreasonable

5

risk that the defendant will commit one of the enumerated violent felonies known as "super strike" offenses set forth in section 667, subdivision (e)(2)(C)(iv).

In deciding whether a defendant poses an unreasonable risk of danger to public safety, the court may consider the defendant's criminal history, disciplinary record of rehabilitation while incarcerated, and other evidence the court determines to be relevant. (§ 1170.18, subd. (b)(1)–(3).) The court is required to state on the record the reasons for its decision to grant or deny a request for recall and resentencing. (§ 1172.1, subd. (a)(7).)

We presume the trial court "considered all of the relevant [sentencing] factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; accord *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978; see also *People v. Kelly* (2018) 28 Cal.App.5th 886, 904 [where court does not make explicit ruling at sentencing, it is inferred court "made the finding appropriate to the sentence it imposed"].)

When the record is silent, the court is presumed aware of the applicable law. (*People v. Lee* (2017) 16 Cal.App.5th 861, 866-867; *People v. Brown* (2007) 147 Cal.App.4th 1213; 1228-1229.) Moreover, " ' "[a]ll intendments and presumptions are indulged to support [a judgment or order of the trial court] on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

*Analysis*

Appellant contends the trial court abused its discretion by failing to address "multiple postconviction factors" and failing to "discuss the evidence of appellant's rehabilitation while

incarcerated." He also argues the court failed to consider his history of childhood trauma and sexual abuse.

The trial court had appellant's criminal history, prison activity, personal history and postconviction progress in the record before it. This included appellant's efforts at rehabilitation and betterment; a summary of his childhood, including an allegation of sexual abuse and drug and alcohol use; and rules violations reports from prison. We may presume the court reviewed the complete record, and the court's comments at the resentencing hearing corroborate that presumption. The court referred to facts that were not argued by the parties at the hearing, such as the fact that appellant had been discipline-free for five years.

While it is true the trial court did not discuss each of the postconviction factors listed in the applicable statutes or recite all of the mitigating facts in the record, the absence of this discussion does not suggest the court was unaware of or did not consider appellant's childhood trauma, sexual abuse and/or his educational and rehabilitative efforts while incarcerated. " 'The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' [Citation.] '[T]he fact that the court focused its explanatory comments on [one factor] does not mean that it considered only that factor.' " (*People v. Allen* (2019) 41 Cal.App.5th 312, 330.) Appellant has not identified anything in the record that supports the trial court affirmatively failed to consider relevant information, and as a result, he cannot establish the court abused its discretion.

Appellant suggests that even if the trial court considered the required factors, it did not give the mitigating factors the proper weight. The weight afforded to any given factor is

subjective and not properly before us. The issue is whether the trial court's decision was so irrational or arbitrary that no reasonable person could agree with it. (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.) Appellant fails to make this showing.

The trial court's explanation for denying the request for resentencing was focused on appellant's criminal history. Appellant's crimes were cruel and violent. He repeatedly threatened to kill his victims during the robbery and then told the owner he knew where he lived and would hunt him down and kill him if he reported the crime. Appellant's conduct resulted in substantial monetary losses and significant personal trauma to his victims. While in prison, appellant was involved in gang activity and acts of violence after which he was transferred to solitary confinement for 18 months. These facts, referenced by the court as a basis for its decision, provided reasonable grounds for the determination that appellant posed an unreasonable risk of danger to public safety.

The trial court's determination was not arbitrary and there was no abuse of discretion.

DISPOSITION

We affirm the order denying appellant's request to recall and resentence.

<u>NOT TO BE PUBLISHED.</u>

McKAIG, J.[*]

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

---

[*] Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Diane Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephen D. Svetich, Deputy Attorneys General, for Plaintiff and Respondent.